UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grace F. Aderinto, ) | C/A No. 3:08-1551-JFA-BM |
| ) | |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| Tax Payer Advocate (IRS), and ) | |
| Tax Assistance Service (Internal Revenue Service), ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, *pro se*, asserting claims against the Taxpayer Advocate and Tax Assistance of the Internal Revenue Service at the Strom Thurmond Federal Building in Columbia, South Carolina. Plaintiff indicates that the two taxpayer advocates are a "Mrs. Barbosa" and a "Mrs. Jones". Plaintiff alleges that she "SUFFERS FROM DISCRIMINATION AND REFUSAL OF SERVICES BY THE IRS TAX PAPER ADVOCATE AND TAX ASSISTANCE INTERNAL REVENUE SERVICE." Plaintiff also states that she has been given the "RUN AROUND" with respect to her attempt to file amended tax returns. In her prayer for relief, the plaintiff writes:

> THE PLAINTIFF WANTS THE COURT TO ORDER BOTH IRS
> SERVICES TO FOLLOW TO THE LETTER, THEIR RULES AND
> REGULATIONS OF SERVICE. THE PLAINTIFF IS ALSO
> ASKING THE COURT TO ORDER BOTH SERVICES TO PAY
> $35.$^{00}$ FOR EVERY WEEK THE PROCESS WAS DELAYED
> SINCE MARCH 28, 2008, WHEN THIS MATTER COULD HAVE
> BEEN RESOLVED IMMEDIATELY. THE PLAINTIFF HAS



>    WASTED GASOLINE SINCE THEN AND CONTINUALLY
>    DOES SO TILL PROCESS IS RESOLVED.

(Complaint [Entry No. 1], at page 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even when considered under this less stringent standard, however, the undersigned concludes that Plaintiff's complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be originally filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Further, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155 (2000) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* Fed. R. Civ. P. 12(h)(3). Such is the case here.

First, the United States has sovereign immunity from suit in this Court absent its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees as defendants; *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); nor can it be avoided by the filing of a suit against a federal agency or a federal department, such as the Internal Revenue Service. *See Campbell v. United States*, 496 F. Supp. 36, 37-38 & n. * (E.D. Tenn. 1980). Hence, the United States, not the IRS or individual Internal Revenue Service (IRS) employees, is the proper defendant in a taxpayer's action alleging misconduct by the Internal Revenue Service



with respect to taxes. *Pollinger v. United States*, ___ F. Supp. 2d ___, 2008 U.S. Dist. LEXIS® 22760, 2008 WESTLAW® 763226 (D.D.C., March 25, 2008):

> Defendants' Motion to Dismiss contains a number of different arguments. At the outset, the Court addresses Defendants' argument that the United States should be substituted as the sole party defendant to this action. While Plaintiff asserts that he included Gregory Collier, C. Sherwood, and R.A. Mitchell as defendants in this action because he believes that they "should be held liable for their actions and disciplined appropriately," he does not dispute that he has sued those individuals only in their official capacities. *See* Pl.'s Resp. at 5. When government officials are sued in their official capacities, they are not personally liable for damages. *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C.Cir.1996). Rather, "a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain . . . or if the effect of the judgment would be 'to restrain the Government from acting, or compel it to act.'" *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). Moreover, the provisions of the Internal Revenue Code on which Plaintiff primarily purports to ground this action, 26 U.S.C. §§ 7431, 7432, and 7433, permit a taxpayer to "bring a civil action for damages against the United States." 26 U.S.C. §§ 7431, 7432, 7433. As such, the Court concludes that the United States is the sole proper Defendant to this action, and shall dismiss Gregory Collier, C. Sherwood, and R.A. Mitchell as defendants. *See Holt v. Davidson*, 441 F.Supp.2d 92, 97 (D.D.C.2006) (dismissing individual IRS employees as defendants to action under 26 U.S.C. § 7433) (citing *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D.Tex.1999) (dismissing individual IRS employees as defendants to action under 26 U.S.C. § 7431)).

*Pollinger v. United States*, 2008 WESTLAW® 763226, at *6.

While, in *Pollinger*, the case was allowed to proceed against the United States under 26 U.S.C. § 7431, et. seq., in the case at bar the plaintiff cannot proceed under this statute because there is no indication that the individual IRS employees disclosed return information to third parties (§ 7431), there are no tax liens at issue in this case (§ 7432), and because no unauthorized collection action has occurred in this case (§ 7433). Also, 28 U.S.C. § 7433 has an exhaustion requirement.

4



*Al-Sharif v. Bradley*, 2008 U.S.Dist. LEXIS® 10408, 2008 WESTLAW® 410364, 2008-1 U.S. Tax Cas. (CCH) ¶50,265, 101 A.F.T.R.2d (RIA) 1238 (S.D. Ga., Feb. 12, 2008) ("Section 7433's exhaustion provision is jurisdictional[.]").  Therefore, there is no basis for this case to continue as a taxpayer case under this statute.

The plaintiff also cannot maintain a *Bivens* action[2] against the Internal Revenue Service because a *Bivens* action may not be brought against agencies of the United States.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).  Moreover, case law indicates that the plaintiff may not sue individual IRS employees or officials under *Bivens* because of the various statutory remedies available to a taxpayer.[3]   *Al-Sharif v.*

---

[2]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. *See Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule). A *Bivens* claim is analogous to a claim against state officials under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982).   In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

[3]One distinguished commentator (now deceased) noted:

> Section 6213(a) is no mere technicality.   Prior to establishment in the mid-1920's of the Board of Tax Appeals (now the Tax Court), one could litigate a tax assessment only by paying the tax and suing for a refund in a district court or the Court of Claims (now the U. S. Claims Court).  With the advent of the Board of Tax Appeals, one could litigate without paying. The keystone of the new

(continued...)



*Bradley*, 2008 U.S.Dist. LEXIS® 10408, 2008 WESTLAW® 410364, 2008-1 U.S. Tax Cas. (CCH) ¶50,265, 101 A.F.T.R.2d (RIA) 1238 (S.D. Ga., Feb. 12, 2008) (collecting cases: "The Court agrees with those courts which have held that relief against an IRS employee pursuant to *Bivens* is foreclosed based upon the meaningful and adequate statutory remedies provided by Congress.").

Finally, even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the Internal Revenue Service is entitled to summary dismissal on the basis of sovereign immunity, as a suit under the Federal Tort Claims Act lies only against the United States. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975). Also, to even bring a claim under the FTCA, litigants must strictly comply with the filing requirements of that Act. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). Specifically, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA, which must be submitted in writing within two (2) years after the claim accrues. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Further, when the United

---

(...continued)
> system was a restraint on assessment until the taxpayer's right to petition the Board was exercised or waived or lapsed, and, thereafter, if the right was exercised, while litigation was proceeding. Violation of the rule by the Service was made one of the few exceptions to the Anti-Injunction statute now found in section 7421. Taxpayers retain the right to pay the tax and litigate in a federal district court or the Claims Court, but, not surprisingly, the vast majority of litigated cases (80 to 90 percent) follow the Tax Court route.

Charles S. Lyon, *Disclosure of Grand Jury Materials: Why the Supreme Court Was Wrong in Baggot*, 39 Tax Law Review 215, 216-17 (1984).



States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b). There is no allegation in the Complaint that the plaintiff has filed an administrative claim with the United States Department of Justice or with the Internal Revenue Service.[4] *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986) ["The requirement of filing an administrative claim is jurisdictional and may not be waived."]. *See also, Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

### *Recommendation*

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); and 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss

---

[4] "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"

7



such actions quickly in order to preserve scarce judicial resources.").

      The plaintiff's attention is directed to the important Notice on the next page.

April 23, 2008      Bristow Marchant
Columbia, South Carolina   United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

