IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Grace F. Aderinto, | ) | C/A No.: 3:08-1551-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Tax Payer Advocate (IRS), and | ) | **ORDER** |
| Tax Assistance Service (Internal | ) | |
| Revenue Service), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Grace F. Aderinto, brings this action asserting claims against the Tax Payer Advocate and Tax Assistance Service of the Internal Revenue Service at the Strom Thurmond Federal Building in Columbia, South Carolina.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests summary dismissal of the case without prejudice and without issuance and service of process because this court has no subject matter jurisdiction over the matter. The Magistrate Judge finds no basis for diversity jurisdiction, nor does he find that the complaint contains a claim cognizable under federal question jurisdiction. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on April 23, 2008. She timely filed objections to the Report on April 30, 2008 [dkt. # 30]. In her objections to the Report, the plaintiff merely raises the same issues already addressed by the Magistrate Judge and make other incoherent allegations that do not require response by the court.[2]

Subsequent to the filing of the Report and Recommendation, the plaintiff also filed a motion to compel on April 24, 2008 [dkt. # 19], an amended complaint on April 24, 2008 [dkt. # 20], a "Memorandum in Support of the Plaintiff's Taxation Laws, and How it Relates to the Declaration of Independence and the Tyrannies of Babylon" on April 24, 2008 [dkt. # 23], a second amended complaint on April 30, 2008 [dkt. #25], a motion for leave to proceed in forma pauperis on April 30, 2008 [dkt. #27], additional attachments to her various filings, as well as a "Memorandum on Equity Among, and Equality of All Men" filed on May 9, 2008 [dkt. #33].

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge

---

[2] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 *(4th Cir. 1982). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

2

in full and incorporates this Report by specific reference.

Accordingly, this action is dismissed without prejudice and without service of process. Plaintiff's motion to proceed in forma pauperis is denied, and plaintiff's remaining motions are deemed moot. The clerk is instructed to close this case.

IT IS SO ORDERED.

May 14, 2008
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge